UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco RAMOS–CISNEROS,
Defendant–Appellant.

No. 05–11012
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 2006.

Susan B. Cowger, Rick Calvert, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

Carlos R Cardona, Assistant Federal Public Defender, Jason Douglas Hawkins, Federal Public Defender's Office, Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Francisco Ramos–Cisneros (Ramos) appeals his guilty-plea conviction and 36–

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

month sentence for illegal reentry under 8 U.S.C. § 1326(a) and (b). He asserts that the district court erred in sentencing him within the advisory guidelines range when similarly-situated defendants receive downward departures for entering early pleas in districts that have fast-track early disposition programs. According to Ramos, the district court's failure to consider this disparity under 18 U.S.C. § 3553(a)(6) renders his sentence unreasonable. We recently rejected this argument in *United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir.2006), *petition for cert. filed* (Nov. 13, 2006) (No. 06–7792).

Ramos also asserts that the district court's failure to specifically address the sentencing disparity issue under § 3553(a)(6) is reversible error. The district court did not plainly err. When a defendant is sentenced within the properly-calculated guidelines range, we "infer that the judge has considered all the factors for a fair sentence." *United States v. Smith,* 440 F.3d 704, 706–07 (5th Cir.2006) (internal quotation marks and citation omitted).

Finally, Ramos asserts that the "aggravated felony" provision in § 1326 causes it to be unconstitutional. Ramos's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ramos contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United*

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005).

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under